# Exhibit A

## Complaint

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

SABRINA R. BROWN,

    Plaintiff,

v.                                       LAW NO.: CL19004700-00

AERIAN JOYNER, N.P.
and
PORTSMOUTH COMMUNITY HEALTH CENTER, INC.
t/a PARK PLACE FAMILY MEDICAL CENTER,

    Defendants.

SERVE:   Aerian Joyner, N.P.
              Park Place Family Medical Center
              3415 Granby Street
              Norfolk, VA 23504

              Portsmouth Community Health Center, Inc.
              David R. Tynch, Registered Agent
              200 High Street, Suite 500
              Portsmouth, VA 23704

## COMPLAINT

COMES NOW the Plaintiff, Sabrina R. Brown, (hereinafter referred to as Plaintiff), by counsel, and moves this Honorable Court for a judgment and award of execution against the Defendants, Aerian Joyner N.P., (hereinafter referred to as Defendant Joyner) and Portsmouth Community Health Center, Inc., t/a Park Place Family Medical Center (hereinafter referred to as Defendant PPFMC) in the amount of Two Million Seven Hundred Fifty Thousand Dollars ($2,750,000.00), together with prejudgment interest from May 18, 2016, as well as her costs expended, and such other and further relief as this Court may deem appropriate, for the reasons more particularly set forth as follows:

    1.     At all times relevant and material hereto, the Plaintiff was a citizen of the

Commonwealth of Virginia residing in the City of Norfolk, Virginia.

2. At all times material hereto, Defendant Joyner was a licensed physician providing medical care to the citizens of Norfolk, Virginia, including, without limitation, the Plaintiff.

3. At all times material hereto, Defendant Portsmouth Community Health Center, Inc., t/a Park Place Family Medical Center, was a corporation duly organized under Virginia Law with a principal office at 664 Lincoln Street, Portsmouth, Virginia, and employed physicians and other health care providers who rendered care to the Plaintiff.

4. At all times material and relevant hereto, Defendant Joyner was a principal, employee, agent/or representative of the Defendant PPFMC, and was acting within the scope of her employment relationship with said business entity. Accordingly, the Defendant PPFMC is responsible to the Plaintiff for any and all wrongful conduct of the Defendant Joyner, as well as for the acts of any employee or agent.

5. On May 18, 2016, the Defendants performed various x-rays and imaging studies on the Plaintiff.

6. Said studies indicated the presence of "ATYPICAL squamous cells, cannot exclude high grade intra epithelial lesion (ASC-H)," with recommended follow up studies.

7. The Defendants failed to perform said follow up studies, and failed to inform the Plaintiff of such finding.

8. On or about May 19, 2017, the Plaintiff was diagnosed with Stage IIIB squamous cell carcinoma of the cervix.

9. Had the Plaintiffs performed follow up studies and treatment on or about May 18, 2016, the cancer would have been surgically treatable, and the prognosis of the Plaintiff would be greatly improved.

10. At all times relevant hereto the Defendants, and each of them, either individually or through their agents, servants, employees and/or representatives did negligently, carelessly and wrongfully fail to conform to the applicable standard of care and did negligently fail to provide the plaintiff treatment within the standards of care applicable to her condition at the time and likewise, failed to exercise and utilize that degree of skill, knowledge and expertise required of reasonably prudent health care providers in the Commonwealth of Virginia, and the following particulars without limitation:

(a) in failing to adequately and appropriately perform a thorough examination of Plaintiff;

(b) in failing to adequately and appropriately evaluate, test and diagnose the Plaintiff's condition;

(c) in failing to appropriately appreciate the Plaintiff's condition including, but not limited to, the presence of the lesion and squamous cells evident on May 18, 2016; and

(d) in failing to provide appropriate treatment, testing, examination and care in other respects the particulars of which will be determined in the course of further investigation and discovery.

11. As a direct and proximate result of the aforesaid breaches of duties, obligations, standards of care and negligence, the Defendants, either individually or through their agents, servants, employees and/or representatives, the Plaintiff has suffered and will continue to suffer in the future severe and permanent bodily injuries, severe and permanent physical pain and mental anguish, disfigurement, deformity and associated humiliation, embarrassment, inconvenience and substantial losses due to medical and other consequential expenses.

WHEREFORE, for the reasons set forth above your Plaintiff moves this honorable Court for a judgment and award of execution against the defendants, and each of them, jointly and severally in the amount of Two Million Seven Hundred Fifty Thousand Dollars ($2,750,000.00) in compensatory damages, together with interest from May 18, 2016, as well as her costs expended in these proceedings, and such other and further relief as this Court may deem appropriate.

A TRIAL BY JURY IS HEREBY DEMANDED.

SABRINA R. BROWN

By: _____
Of Counsel

Mark J. Favaloro, Esquire
Virginia Bar No.: 77672
FAVALORO LAW
295 Bendix Road, Suite 210
Virginia Beach, VA 23452
(757) 390-4370 office
(888) 581-6129 facsimile