

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SABRINA R. BROWN,

      Plaintiff,

v.                                              CIVIL ACTION NO. 2:21-cv-69

UNITED STATES OF AMERICA,

      Defendant.

In re: Sabrina R. Brown v. Aerian Joyner,
N.P., and Portsmouth Community Health
Center, Inc. t/a Park Place Family Medical
Center, et al, Case No. CL19004700-00,
Circuit Court for the City of Portsmouth

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 3. The Court finds that a hearing is not necessary. Having reviewed the parties' filings, the matter is ripe for judicial determination. For the reasons stated below, Defendant's Motion is **GRANTED**.

      **I.    FACTUAL AND PROCEDURAL HISTORY**

The following facts taken from Plaintiff Sabrina R. Brown's ("Plaintiff") Complaint, ECF No. 1 at Exhibit 1, are considered true and cast in the light most favorable to Plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

On May 18, 2016, Plaintiff presented to the Park Place Family Health Center in Norfolk, during which nurse practitioner Aerian Joyner ("N.P. Joyner) and the Portsmouth Community Health Center ("PCHC") performed various examinations and studies on the Plaintiff. *Id.* at ¶ 5. The results diagnosed "ATYPICAL squamous cells; cannot exclude a high-grade intraepithelial lesion (ASC-H)" and recommended follow-up studies. *Id.* at ¶ 6. Plaintiff alleges that the results

1

were not reported to her and no follow up studies were performed. *Id.* at ¶ 7. Then on or about May 19, 2017, Plaintiff was diagnosed with stage IIIB squamous cell carcinoma of the cervix. *Id.* at ¶ 8. Plaintiff alleges that PCHC and N.P. Joyner failed to perform any follow-up studies after the May 18, 2016 appointment, and contends that had "the [Defendants] performed follow up studies and treatment on or about May 18, 2016, the cancer would have been surgically treatable, and the prognosis of the Plaintiff would be greatly improved." *Id.* at ¶ 9. Plaintiff alleges that PCHC and N.P. Joyner "negligently, carelessly and wrongfully fail[ed] to conform to the applicable standard of care and did negligently fail to provide the plaintiff treatment within the standards of care application to her condition at the time…" *Id.* at ¶ 10. Specifically, Plaintiff alleges that PCHC and N.P. Joyner failed to adequately perform a thorough examination of Plaintiff, test and diagnose Plaintiff's condition, as well as appreciate the presence of the lesion and squamous cells evidence on May 18, 2016. *Id.*

On May 18, 2018, Plaintiff filed a suit in Portsmouth Circuit Court (CL18001912-00). The case was nonsuited on May 12, 2019 and refiled with the Circuit Court for the City of Portsmouth, Virginia on October 28, 2019 (CL19004700-00). *See* ECF No. 9; *see also,* ECF No. 1. On February 2, 2021, the matter was removed from state court to the United States District Court for the Eastern District of Virginia, Norfolk Division, and the United States substituted as the proper defendant for PCHC and N.P. Joyner. *Id.* On February 2, 2021, the United States filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 3. On February 16, 2021, Plaintiff responded in opposition. ECF No. 6. On March 1, 2021, Defendant replied. ECF No. 10.

## II. LEGAL STANDARD

### A. Lack of Subject Matter Jurisdiction

The district courts of the United States are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They possess only the jurisdiction authorized to them by the United States Constitution and by federal statute. *Bowles v. Russell*, 551 U.S. 205, at 212-13 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, at 377, (1994). Congress decides whether federal courts can hear cases at all and also determines when, and under what conditions, federal courts can hear them. *See United States v. Curry*, 6 How. 106, at 113 (1848) ("[A]s this appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction"). The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, at 475 (1994). Under the FTCA, the United States may be sued "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

When a district court lacks subject matter jurisdiction over an action, the action must be dismissed. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006); *see also, U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347, 2009 WL 331967 (4th Cir. 2009). Federal Rule of Civil Procedure 12(b)(1) provides dismissal of actions for lack of subject matter jurisdiction. A defendant moving to dismiss a complaint for lack of subject matter jurisdiction may argue that the plaintiff's complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In this first scenario, the court assumes all the facts alleged in the complaint to be true and the plaintiff is

afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, the defendant may argue that the "jurisdictional allegations of the complaint were not true." *Id.* The plaintiff in this latter situation is afforded less procedural protection. If the defendant challenges the factual predicate of subject matter jurisdiction, "[a] trial court may then go beyond the allegations of the complaint *and in an evidentiary hearing* determine if there are facts to support the jurisdictional allegations," without converting the motion to a summary judgment proceeding. *Id.* (emphasis added). In that situation, the presumption of truthfulness normally accorded to a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. *See Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009).

### B. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. The United States Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Moreover, at the motion to dismiss stage, the court is bound to accept all the factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.)). In considering a Rule 12(b)(6) motion to dismiss, the Court cannot consider

"matters outside the pleadings" without converting the motion to a summary judgment. Fed. R. Civ. P. 12(d). Nonetheless, the Court may still "consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also* Fed. R. Civ. P. 10(c).

### III. DISCUSSION

#### A. The Court Lacks Subject Matter Jurisdiction

Defendant alleges that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). 42 U.S.C. § 233(a) and (g). *See* ECF No. 3.

When, as here, a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence. *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982) ("The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction."). Accordingly, the Court will assume all the facts alleged in the complaint to be true and the plaintiff is afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Unless "the jurisdictional facts are intertwined with the facts central to the merits of the dispute," the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits. *Id.* at 1219-1220; *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, at 514 (2006) ("[I]n some instances, if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own. If satisfaction of an essential element of a claim for relief is at issue, however,

the jury is the proper trier of contested facts.") (internal citations omitted); *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995) (district "court may consider the evidence beyond the scope of the pleadings to resolve factual disputes concerning [subject matter] jurisdiction").

Under the Public Health Service Act as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 *et seq.*, eligible community health centers and their employees may be deemed employees of the U.S. Public Health Service (PHS), and thus Government employees, for purposes of medical malpractice tort liability. 42 U.S.C. § 233; *Robles v. Beaufort Memorial Hospital,* 482 F. Supp. 2d 700, 703 (D.S.C. 2007). "When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, generally authorizes substitution of the United States as the defendant." *Hui v. Castaneda,* 559 U.S. 799, at 801–02 (2010). Specifically, Section 233(a) makes the FTCA remedy against the United States "exclusive of any other civil action or proceeding" for any personal injury caused by a PHS officer or employee performing a medical or related function "while acting within the scope of his office or employment." *Id.* (citing 28 U.S.C. §§ 1346, 2671–2680).

Specifically, the statute provides in pertinent part that:

> [t]he remedy *against the United States* provided by sections 1346(b) and 2672 of title 28 ... for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, *shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee* (or his estate) whose act or omission gave rise to the claim.

§ 233(a) (emphasis added); *Hui v. Castaneda,* 559 U.S. 799, 805 (2010). Accordingly, Plaintiffs are required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are "actionable under § 1346(b)." *FDIC v. Meyer,* 510 U.S.

6

471, at 477 (1994). A claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:

> "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Ibid.* (quoting § 1346(b)); *see also, Brownback v. King*, 141 S. Ct. 740, 746 (2021). The FTCA explicitly deprives a court of subject matter jurisdiction over a case where a plaintiff has failed to exhaust his administrative remedies by bringing a claim before the appropriate federal agency. 28 U.S.C. § 2675(a); *Patock v. Fox News Television Channel*, No. 11-974, 2012 WL 695892, at *3 (E.D. Va. Mar. 1, 2012); *see also, Antwine v. United States*, No. 1:18-CV-706-LO-JFA, 2018 WL 4390728, at *2 (E.D. Va. Sept. 12, 2018). For purposes of the FTCA, a claim is presented:

> [w]hen a Federal Agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant . . . .

28 C.F.R. § 14.2(a); *see also, Ahmed v. United States*, 30 F.3d 514, 516-17 (4th Cir. 1994). The FTCA provides a waiver of sovereign immunity if the claimant meets the administrative requirement which states that a tort action against the United States "shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); *see also Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986) (explaining the purposes of the administrative claim requirement); *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005); *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000) ("Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver

must be scrupulously observed and not expanded by the courts."). The filing of a satisfactory administrative claim is a non-waivable jurisdictional prerequisite to filing suit against the United States. *Kokotis*, 223 F.3d at 278 ("A key jurisdictional prerequisite to filing of suit under the FTCA involves the presentation of an administrative claim to the government . . ."); *Ahmed*, 30 F.3d at 516 (claim requirement "is jurisdictional and may not be waived.").

As an initial matter, N.P. Joyner and Portsmouth Community Health Center ("PCHC") are deemed PHS employees. *See* 42 U.S.C. § 233(a) and (c). On June 22, 2015, HHS issued a "deeming notice" to PCHC, the official corporate parent of Park Place Family Health Center and N.P. Joyner's employer. ECF No. 3 at Exhibit 1 at 12-14 (FTCA Deeming Notice No.: 1F00000939-15-01); *see also* 42 U.S.C. § 233(g)(1)(A), (D) and (E); § 233(h). The notice deemed PCHC and all its full and part time employees, and all contractors who are licensed or certified health care practitioners providing full-time services, or if not full time, are licensed in, *inter alia*, family practice, and obstetrics/gynecology, to be PHS employees for the 2016 calendar year. *Id.* Then, on July 11, 2016, HHS issued PCHC another deeming notice letter stating the same terms and coverages of the 2016 calendar year to the 2017 calendar year. *Id.* at Exhibit 1 at 16-18 (FTCA Deeming Notice No.: 1F00000939-16-01). As a result, during the time of the alleged negligence in 2016 and 2017, PCHC and N.P. Joyner were deemed federal employees of the PHS. *Id.*; *see also*, 42 U.S.C. § 233. Accordingly, the United States is the proper substitute as defendant for PHS employees, the PCHC and N.P. Joyer. Once an entity and its covered employees are considered to be PHS employees "for purposes of this section," 42 U.S.C. § 233(g)(1)(E), and provided that the Attorney General (delegated to the United States Attorney) certifies that the acts out of which the lawsuit arise occurred within the scope of the alleged offender's PHS office or employment, the

exclusive remedy for alleged malpractice by the PHS entity or employee lies solely against the United States pursuant to the provisions of FTCA.

Since the United States is the proper defendant, Plaintiff was required to comply with the strict waiver requirement of the FTCA for her to bring forth a tort claim for malpractice against the United States. However, Plaintiff did not follow the FTCA's administrative requirements of first bringing a claim before HHS prior to suing in Court. *See* ECF No. 3 at Exhibit 2 (Decl. of Meredith Torres). Defendant argues that her state court action satisfies and relieves Plaintiff of the FTCA waiver requirement. However, the Court finds that the case law is clear that the FTCA requires Plaintiff to exhaust her administrative remedies first by filing a claim with the appropriate federal agency. *See Henderson*, 785 F.2d at 123-25; *see also, Crack v. U.S.*, 694 F. Supp. 1244, 1246-47 (E.D. Va. 1988) (Ellis, J.) (claim was mailed but not received by agency; dismissal for failure to exhaust required even though agency was aware of the accident, claims office had opened a filed and state court action had been filed).

Therefore, the Defendant's motion to dismiss is **GRANTED** because Plaintiff lacks subject matter jurisdiction to bring her claim before the Court.

## B. Statute of Limitations

Defendant alleges that Plaintiff's claim is barred by the statute of limitations. Generally, a tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C.A. § 2401 (emphasis added). Although FTCA liability is determined "in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b), federal law determines when a claim accrues. *Portis v. United*

*States*, 483 F.2d 670, 672 n. 4 (4th Cir.1973); *Sexton v. United States*, 832 F.2d 629, 633 n. 4 (D.C.Cir. 1987); *Wehrman v. United States*, 830 F.2d 1480, 1482–83 (8th Cir. 1987). The Supreme Court has upheld the general rule under the FTCA "a tort claim accrues at the time of the plaintiff's injury," although in medical malpractice cases it is thought to extend "until the plaintiff has discovered both his injury and its cause." *United States v. Kubrick*, 444 U.S. 111, at 120 (1979); *see also, Gould v. U.S. Dep't of Health & Hum. Servs.*, 905 F.2d 738, 742 (4th Cir. 1990).

In *Kubrick*, the Supreme Court settled the question that a claim accrues within the meaning of § 2401(b) when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury. As noted by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), the *Kubrick* decision was "a retreat from the expansive view of 'accrual' previously adopted by a number of the circuits, including the Fourth Circuit." *Dessi v. United States*, 489 F.Supp. 722, 724 (E.D. Va. 1980). Following the *Kubrick* standard, the district court concluded in *Dessi*,

> nothing more than knowledge of injury and causation is required for the cause of action to accrue. The action accrues even if the claimant believes that his injury was unavoidable and did not indicate negligent treatment. It is the plaintiff's burden, once he knows of his injury and its cause, to determine within the limitations period whether or not to file suit.

*Id.* at 725. *See also Gilbert v. United States*, 720 F.2d 372, 374 (4th Cir.1983) ("The Supreme Court has determined that a cause of action accrues within the meaning of [28 U.S.C.] § 2401(b) when a prospective plaintiff knows of both the existence of his injury and its cause."); *Dearing v. United States*, 835 F.2d 226, 228 (9th Cir.1987) ("A medical malpractice claim does not accrue under the FTCA until the plaintiff discovers, or reasonably should have discovered, his injury and its causes."); *Wehrman*, 830 F.2d at 1483 (same); *Gould v. U.S. Dep't of Health & Hum. Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (same). Therefore, it is not necessary that a claimant have

awareness that an injury was negligently inflicted. *Kubrick*, 444 U.S. at 124. Rather, a "cause of action accrues under the FTCA when the plaintiffs knows, or in the exercise of reasonable diligence should have known, that he is injured and of the cause of the injury." *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

The question presented by this case is when did the Plaintiff's claim "accrue" within the meaning of the FTCA? Here, Plaintiff was first seen at PCHC on May 18, 2016 and alleges that the negligence in this action was PCHC and N.P. Joyner's failure to diagnose and schedule follow-up care after her May 2016 appointment at PCHC. *See* ECF No. 1 at Exhibit 1 at ¶ 9. However, it was not until a year later, on May 17, 2017, that Plaintiff received a cancer diagnosis. *Id.* at ¶ 8. Accordingly, on May 17, 2017, Plaintiff knew or certainly should have known of her injury. Therefore, Plaintiff's two-year clock to bring a malpractice claim started on May 17, 2017. As of this date, she was then under a duty to investigate whether that injury was wrongfully caused and had a duty to file a tort claim with the appropriate agency by May 17, 2019.

Plaintiff argues that she satisfied the statute of limitations when she filed her suit in Portsmouth Circuit Court on May 18, 2018 (CL18001912-00). Under Virginia law, a nonsuit is a voluntary withdrawal or dismissal of a lawsuit by the party that filed it. The nonsuit allows the party to bring a second suit on the same cause of action. *See* Va. Code Ann. § 8.01-380.[1] Hence, Plaintiff argues that the nonsuit and refiling preserve the original filing date of May 18, 2018 for purposes of calculating the applicable statute of limitations. ECF No. 9 at 1. However, Plaintiff incorrectly

---

[1] A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision. After a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court. If after a nonsuit an improper venue is chosen, the court shall not dismiss the matter but shall transfer it to the proper venue upon motion of any party. Va. Code Ann. § 8.01-380

11

assumed that Virginia Code §§ 8.01–380, 8.01–229, which allow nonsuits to toll the statute of limitations for Virginia lawsuits for six months, would toll the FTCA statute of limitations. Instead, it is federal law, not state law, that defines the limitations period. *See Miller v. United States,* 932 F.2d 301, 303 (4th Cir. 1991) ("[F]ederal law defines the limitations period and determines when that cause of action accrued" for all claims made pursuant to the FTCA"). In other words, state laws do not serve to toll or delay the accrual date or statute of limitations of the FTCA claim. *See Miller,* 932 F.2d at 303; *see also Phillips v. United States,* 260 F.3d 1316, 1319 (11th Cir.2001) (dismissing lawsuit that was re-filed after voluntary dismissal and finding that Georgia Code did not extend limitations period of 28 U.S.C. § 2401(b)). Moreover, there is no provision applicable to 28 U.S.C. § 2401(b) that automatically tolls the limitation period. *See* 28 U.S.C. § 2401; *see also, Kinson v. United States*, 322 F. Supp. 2d 684, at 686 (E.D. Va. 2004) ("That the Virginia Code permits a lawsuit to be tolled while a Plaintiff non-suits and re-files has no effect on the accrual date of the FTCA claim. The FTCA requires that the filing of the present suit occur within six months of the administrative decision, regardless of state procedural law.")

In this case, Plaintiff had noticed of her injury on May 17, 2017. Her claim filed on May 18, 2018 was nonsuited on May 12, 2019. Then Plaintiff refiled her claim at Portsmouth Circuit Court on October 28, 2019, nearly two and one-half years after she received her diagnosis. Therefore, based on section 2401(b), Supreme Court precedent, and Fourth Circuit precedent, Plaintiff is barred from bringing her claim.

In exceptional circumstances, however, equitable tolling may be available in suits against the United States. *See Muth v. United States,* 1 F.3d 246, 251 (4th Cir. 1993). Equitable tolling is only appropriate when the claimant has exercised due diligence in preserving her legal rights. *Id.* Moreover, to invoke the doctrine, the claimant must show that the "defendant attempted

to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." *See English v. Pabst Brewing Co.,* 828 F.2d 1047, 1049 (4th Cir.1987); *Lawson v. Burlington Inds.,* 683 F.2d 862, 864 (4th Cir.1982); *see Kinson v. United States*, 322 F. Supp. 2d 684, 686 (E.D. Va. 2004). Here, Plaintiff has not provided the Court with any evidence to warrant examining whether equitable tolling is applicable. The Court does not find any reasons to justify implementation of equitable tolling and to allow Plaintiff to file suit in this Court. Plaintiff had notice and two years to file an administrative claim against the United States, but she did not.

Thus, Defendant's motion to dismiss is **GRANTED** because Plaintiff is barred by the statute of limitations.

## C. Discretion to Stay Proceedings

Having found that the Court lacks subject matter jurisdiction and that Plaintiff is barred by the statute of limitations, the Court would generally have broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, because Plaintiff is barred by the statute of limitations, she cannot seek administrative relief before refiling. *See Pyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (district court cannot stay proceeding while a plaintiff pursues the administrative claim process). Thus, the Court cannot exercise its discretion to stay proceedings.

## IV. CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 3, is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 10, 2021

/s/
Raymond A. Jackson
United States District
UNITED STATES DISTRICT JUDGE